That the merchandise covered by the above enumerated appeal consists of "spark plugs" exported from West Germany during 1965, and that said merchandise is not on the list of products published in T.D. 54521, from which the application of the Customs Simplification Act of 1956 is withheld.

That the price at the time of exportation to the United States of the instant merchandise at which such or similar merchandise was freely sold, or in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers of whatever nature and all other expenses incidental to placing the merchandise in condition, packed ready for shipment to the United States, was the invoice unit value, net packed.

That the appeal for reappraisement enumerated above may be submitted for decision upon this stipulation.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value for the involved merchandise and said value is the invoice unit value, net packed.

Judgment will be entered accordingly.

(R.D. 11587)

MARY CLAIR IMPORTS v. UNITED STATES

Entry No. 253803.

(Decided October 17, 1968)

*Glad & Tuttle* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

WILSON, Judge: This appeal for reappraisement was submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the above entitled appeal for reappraisement consists of model ships and stuffed toys exported from Japan around February 27, 1964, and that, at the time of ex-

portation thereof to the United States, the market value or the price at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment, to the United States, were the invoice unit values, plus the cost of packing as invoiced.

2. That all the merchandise covered by the appeals for reappraisement was entered subsequent to February 27, 1958.

3. That the merchandise the subject of this stipulation is not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Sec. 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said merchandise is subject to appraisement under Sec. 402 of the Tariff Act of 1930 as amended by the Customs Simplification Act of 1956.

4. That the above entitled appeal for reappraisement may be deemed submitted for decision on the foregoing stipulation.

Upon the agreed facts, I find export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for determination of the value of the model ships and stuffed toys covered by this appeal for reappraisement, and that such values are the invoice unit values, plus the cost of packaging as invoiced.

Judgment will be entered accordingly.

(R.D. 11588)

RHODIA, INC. v. UNITED STATES

Entry No. 1011534.

(Decided October 24, 1968)

*Sharretts, Paley, Carter & Blauvelt* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

WATSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation entered into between counsel for the respective parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the merchan-